

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 14, 1963

The Honorable John Connally
Governor of Texas
Capitol Station
Austin 11, Texas

Opinion No. C- 80

Re: Constitutionality of
House Bill 92 of the
58th Legislature.

Dear Governor Connally:

We are in receipt of your request for opinion regarding the constitutionality of House Bill 92 passed by the Fifty-eighth Legislature.

House Bill No. 92 reads in its entirety:

"H.B. No. 92

"AN ACT

authorizing the Commissioners Court of any county bordering on the Gulf of Mexico or the tidewater limits thereof to regulate the speed of motor vehicles on beaches which are open and accessible to the public, and also to prohibit the littering of such beaches; providing for receptacles for such litter and posting of signs; providing that the Commissioners Courts of such counties may authorize sheriffs and other persons to enforce such regulations; authorizing such Commissioners Courts to provide penalties for violations of these regulations within limitations; repealing Section 8 of Chapter 19, Acts of the Fifty-sixth Legislature, Second Called Session, 1959 (compiled as Article 5415d of Vernon's Texas Civil Statutes), and all other laws and parts of laws in conflict herewith; providing certain exceptions; restricting certain regulatory powers of the Commissioners Court; providing for severability; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. The Commissioners Court of any county bordering on the Gulf of Mexico or the tidewater limits thereof may regulate the speed of motor

-391-

vehicles on any of the beaches of the county which are open and accessible to the public. These Commissioners Courts are also authorized to regulate the littering of such beaches, and toward this end they are authorized to define the term 'littering.'

"Sec. 2. The Commissioners Court of any such county may authorize the sheriff and his deputies and other peace officers to enforce the regulations promulgated under this Act, and may authorize persons other than peace officers of that particular county to enforce such regulations.

"Sec. 3. The Commissioners Court may provide penalties for violations of the regulations adopted under this Act, but no such penalty shall exceed Two Hundred Dollars ($200). (Emphasis added).

"Sec. 4. Section 8 of Chapter 19, Acts of the Fifty-sixth Legislature, Second Called Session, 1959 (compiled as Article 5415d of Vernon's Texas Civil Statutes), is hereby repealed. All other laws and parts of laws in conflict herewith are hereby repealed.

"Sec. 5. The Commissioners Court of any county included within the provisions of this Act undertaking to regulate motor traffic over a designated area of the public beach shall post signs at the usual points of entry notifying the general public of the speed limits governing such area. Failure to so post said signs relating to speed limits shall constitute a defense to said violation of this Act. Such Court shall place at the usual points of entry of such area receptacles for the disposal of refuse, garbage, junk and rubbish by the public in such area. Failure to place and maintain receptacles at the usual points of entry of any designated area shall constitute a defense to said violation of this Act.

"Sec. 6. This Act shall in no manner, either by its terms or application, in anywise affect the title to real estate owned or claimed by persons, firms or corporations, and any judgment of conviction entered in the prosecution of an offense under this Act shall not be considered admissible as evidence in any suit involving the title to realty.

"Sec. 7. The provisions of this Act shall not be construed to give the Commissioners Court the power to prohibit any type of vehicular travel on any beach within this State.

"Sec. 8. If any Section, Subsection, paragraph, sentence, clause or provision of this Act is declared unconstitutional or invalid, it shall not affect the constitutionality or the validity of the remainder thereof, and it is hereby declared that this Act would nevertheless have been passed without such Section, Subsection, paragraph, sentence, clause or provision so declared unconstitutional, and to that end the provisions of this Act are hereby declared to be severable. (Emphasis added).

"Sec. 9. The importance of this legislation and the crowded condition of the Calendars in both Houses create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and this Rule is hereby suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted."

Section 1-A of Article IX of the Constitution of Texas, approved by the electorate on November 6, 1962, states as follows:

"The Legislature may authorize the governing body of any county bordering on the Gulf of Mexico or the tidewater limits thereof to regulate and restrict the speed, parking and travel of motor vehicles on beaches available to the public by virtue of public right and the littering of such beaches. (Emphasis added).

"Nothing in this amendment shall increase the rights of any riparian or littoral landowner with regard to beaches available to the public by virtue of public right or submerged lands.

"The Legislature may enact any laws not inconsistent with this Section which it may deem necessary to permit said counties to implement, enforce and administer the provisions contained herein. (Emphasis added).

"Should the Legislature enact legislation in
anticipation of the adoption of this amendment,
such legislation shall not be invalid by reason
of its anticipatory character." (Emphasis added).

Section 1 of Article II of the Constitution of Texas
provides:

"The powers of the Government of the State of
Texas shall be divided into three distinct depart-
ments, each of which shall be confided to a magis-
tracy, to wit:  Those which are Legislative to one;
those which are Executive to another, and those
which are Judicial to another; and no person, or
collection of persons, being of one of these depart-
ments, shall exercise any power properly attached to
either of the others, except in the instances herein
expressly permitted."  (Emphasis added).

Section 18 of Article V of the Constitution of Texas
provides, in part:

"...The County Commissioners so chosen, with
the County Judge as presiding officer, shall compose
the County Commissioners Court, which shall exercise
such powers and jurisdiction over all county busi-
ness, as is conferred by this Constitution and the
laws of the State, or as may be hereafter prescribed."
(Emphasis added).

Since the Constitution (Sec. 1-A, Art. IX) specifi-
cally authorizes the Legislature to enable the governing body
of certain counties to regulate the speed of motor vehicles and
littering on beaches available to the public, no constitutional
question of delegation of powers exists.  Particularly is this
true in view of the emphasized portions of Articles II and V of
the Constitution quoted above.  To conclude otherwise would be
tantamount to holding Section 1-A of Article IX of the Constitu-
tion, unconstitutional.

There can be no question that the bill in question con-
stitutes an exercise of the police power of the State, which has
been defined as "a grant of authority from the people to their
governmental agents for the protection of the health, safety,
comfort and the welfare of the public."  Spann v. City of Dallas,
111 Tex. 350, 235 S.W. 513, 515 (1921).  Section 1-A of Article

IX clearly is a grant of the people to their governmental agents of the kind of authority contemplated by the foregoing definition, because regulation of speed and littering on beaches open to the public is unquestionable calculated to protect and promote the health, safety, comfort and welfare of the public.

The police power of the State more than all others affects most intimately the private and personal interests and relations of each individual. To a certain extent the power is indefinable; the limits of its exercise are never clearly established. To the Legislature, directly or as it may lawfully delegate the power, is given the large discretion of passing measures necessary to effect the desired result, restricted only by constitutional limits. The Legislature is the judge of the wisdom and policy of all its enactments, and the courts are without the right to overrule that judgment unless the Legislature has clearly and beyond doubt exceeded the functions invested to it by the Constitution. The State has the power to select its agent for exercising the police power; it may constitutionally delegate to a subordinate public agency the right to exercise this power. See Strauss v. State, 76 Crim. Rep. 132, 173 S.W. 662, 665 (1915).

Perceiving no clear or undoubted reason suggestive that the Legislature has exceeded any function invested to it by the Constitution, and noting that the material provisions of House Bill 92 closely tract the language of Section 1-A of Article IX, Constitution of Texas, we conclude that House Bill 92 would be sustained as valid legislation.

## S U M M A R Y

House Bill 92 of the 58th Legislature is a constitutional delegation of the police power of the State and would be sustained as valid legislation.

Very truly yours,

WAGGONER CARR
Attorney General

By: F. R. Booth
F. R. Booth
Assistant Attorney General

FRB:ab

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

Howard Fender

John Reeves

W. O. Shultz

Jerry Brock

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone